UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23142-CIV-LENARD/O'SULLIVAN

JESUS LOPEZ, and all others
similarly situated under 29 U.S.C. 216(b),

     Plaintiff,

v.

EL AMANECER, INC., d/b/a TERRAZA
EL CACAHUAL, and PEDRO LAZO,

     Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND
RECOMMENDING THAT THE CASE BE DISMISSED WITH PREJUDICE**

THIS MATTER came before the Court following a settlement conference before

the undersigned and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the settlement

agreement, the pertinent portions of the record, and is otherwise fully advised in the

premises.

This case involves a claim for unpaid minimum wage and overtime

compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In

reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the

settlement for fairness," and determine that the settlement is a "fair and reasonable

resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United

States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an

adversarial context where both sides are represented by counsel throughout litigation

"is more likely to reflect a reasonable compromise of disputed issues." Id. The district

court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a bona fide legal dispute over whether the plaintiff was an independent contractor and a factual dispute over the number of overtime hours worked by the plaintiff. The Court has reviewed the terms of the settlement agreement including the amount to be received by the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise reached by the parties is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' settlement agreement (including attorney's fees and costs) is hereby APPROVED. It is further

**RECOMMENDED** that this case be dismissed with prejudice and that the Court **retain jurisdiction until February 9, 2012** to enforce the terms of the settlement.[1]

**DONE AND ORDERED**, in Chambers, at Miami, Florida this **25th** day of October, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

U.S. District Judge Lenard
All counsel of record

---

[1] The parties consent to magistrate jurisdiction for all further proceedings in this case including any enforcement motions.

2